(128 App. Div. 154.)

### KELLER v. WOVE REALTY CO.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. CARRIERS—PASSENGER ELEVATORS—NEGLIGENCE—EVIDENCE.

Where a passenger elevator refused to stop, but continued to the top of the shaft, where the hoisting cables parted, causing the car to fall, injuring a passenger, a presumption of negligence arose, establishing a prima facie case for the passenger.

2. SAME—EVIDENCE—ADMISSIBILITY.

Where, in an action for injuries to a passenger in an elevator, defendant proved that the brake rod was broken and that that was the cause of the fall of the elevator, and that sufficient inspection had been used by it, and plaintiff introduced evidence that screws of the safety device were rusty and interfered with the operation thereof, the exclusion of evidence that the screws were not rusty was erroneous, though defendant's witnesses had stated on cross-examination that the screws were not rusty.

3. TRIAL—INSTRUCTIONS—EVIDENCE TO SUSTAIN.

Where, in an action for injuries to a passenger in an elevator because of the fall thereof, evidence showed that the accident was not caused by any act of the operator, an instruction that, if the jury found that the elevator was negligently operated, plaintiff could recover, was erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 596–612.]

Appeal from Trial Term, Nassau County.

Action by Clotilde R. Keller against the Wove Realty Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frederick Hulse, for appellant.

James P. Niemann (W. G. Philippeau, on the brief), for respondent.

GAYNOR, J. As the plaintiff was being taken up in the elevator of the defendant's apartment house it refused to stop when the wheel was turned by the operator for that purpose, but continued to the top of the shaft where it struck, and the hoisting cables parted and the car fell to the basement. The presumption of negligence which arose out of the happening of the thing itself made out a case for the plain-

tiff.   The defendant then proved that the brake rod was broken, and that that was the cause of the accident, as the brake which stopped the car could not be applied either by the turning of the wheel or by the automatic appliances.   It also introduced evidence from which the jury might have found that sufficient inspection and care had been used by the defendant.   The plaintiff then introduced evidence that certain screws of the safety device were rusty and dirty, and that that interfered with or prevented the operation thereof.   Thereafter evidence of a witness of the defendant that these screws were not dirty or rusty was excluded on the plaintiff's urgent objections.   This was material error.   It is now claimed that the evidence for the plaintiff on this head was in contradiction of certain evidence introduced by the defendant that these screws were not rusty or dirty.   But this is not so.   It is true that some of the defendant's witnesses had been asked on cross-examination if these screws were not rusty and dirty and denied it; but this was no reason for preventing the defendant from contradicting the subsequent evidence of the plaintiff's witnesses that they were.

The evidence shows that the ascent of the elevator car to the top was not caused by any act of the operator.   Nevertheless counsel for the plaintiff had the court erroneously charge that if the jury found that the elevator was negligently operated the plaintiff could recover. That question should not have been submitted to the jury, but taken from them.

It is not surprising that the learned and able judge who tried this case committed errors, considering the great number of needless and captious objections and interferences of counsel disclosed by the record.   The case is one which could be easily kept free of error by counsel.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.   All concur.